```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF LOUISIANA

CARRIE WYLAND                    *    CIVIL ACTION
                                 *
VERSUS                           *    NO. 08-4288
                                 *
NEW ORLEANS CITY, ET AL.         *    SECTION "B"(2)
```

## ORDER AND REASONS

Before the Court is Defendant Luis Rivas's Motion to Dismiss (Rec. Doc. No. 11) under Fed. R. Civ. P. 4(m) for failure to serve Defendant within 120 days of filing the complaint. Plaintiff Carrie Wyland has filed a Memorandum in Opposition (Rec. Doc. No. 13) to Rivas's motion to dismiss. After review of the motion, response, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Luis Rivas's Motion to Dismiss (Rec. Doc. No. 11) is hereby **DENIED**.

### *BACKGROUND*

Plaintiff Carrie Wyland filed this lawsuit on August 27, 2008, alleging that Luis Rivas sexual assaulted her in September 2007[1] while he was acting in his capacity as a police officer for the New Orleans Police Department. The complaint was served upon one defendant, New Orleans City, on October 29, 2008. Rivas, the other defendant, was not served until June 19, 2009. Rivas now seeks

---

[1] Although the complaint alleges that the assault took place in September 2008, Plaintiff's Memorandum in Opposition to Rivas's Motion to Dismiss clarifies that the alleged assault actually took place in September 2007.

1

dismissal of the complaint against him for untimely service.

### *DISCUSSION*

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

The rule effectively gives the Court "two choices: It may either 'dismiss the action without prejudice . . . *or* direct that service be effected within a specified time.' Fed. R. Civ. P. 4(m) (emphasis added). The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Thus, even if a plaintiff cannot show good cause for untimely service, the Court maintains the discretion to decide to simply extend the time allowed for service rather than dismissing the case. *Id.; see also* Fed. R. Civ. P. 4(m) 1993 Amendments Advisory Committee Notes.

In this case, Plaintiff has shown good cause for serving Rivas beyond the 120-day period provided by Rule 4(m). Plaintiff attempted to locate the correct address of Rivas through the discovery process approximately sixty days after she filed her complaint and continued to exercise diligence in locating the correct address until Rivas was finally located and served in June

2

2009. Plaintiff's delay in locating Rivas was through no fault of her own; as such, the Court is obligated to extend the time allowed for service here.

Even if the Court were to find that Plaintiff failed to show good cause for her untimely service of Rivas, the Court maintains the discretion to extend the time allowed for service. Because Rivas has already been served, the issue is now moot. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**. However, opposing counsel is warned that failure to timely seek an extension for service purposes in other cases before this Court may lead to a different outcome.

New Orleans, Louisiana, this 14th day of October, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE